UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JESSIE LEE PERRY** | : | **CIVIL ACTION NO. 2:14-cv-3090** |
| **DOC #109014** | | **SECTION P** |
| | | |
| **VERSUS** | : | **JUDGE MINALDI** |
| | | |
| **ANTHONY ALLEMAND, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Jessie Lee Perry ("Perry"), an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("DOC"). He is incarcerated at Allen Correctional Center ("ACC") in Kinder, Louisiana. Perry names the following as defendants in this matter: ACC Assistant Warden Anthony Allemand, ACC Warden Keith Cooley, ACC Officer Krystle Simon, GEO Group, Inc., and LDOC Secretary James LeBlanc.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE.**

I.
BACKGROUND

On April 15, 2014, Perry was found guilty by the prison disciplinary board of a Section B, Rule 21(E) violation, namely aggravated sex offense by masturbation. Doc. 8, att. 1, p. 3. He was sentenced to ninety days in administrative segregation and eighty-four days loss of canteen privileges. *Id.* Perry was released from administrative segregation on July 15, 2014; however,

before returning to the inmate population, he was told by the disciplinary board that he had to agree to wear a red and white stripped jumpsuit for thirty days and be placed on a special tier for six months. *Id.* His contact visitation privileges were also taken away for an additional six months because this was his third conduct report. *Id.* at 4.

Perry asserts that having to wear the red and white jumpsuit and being placed in the special tier was an act of discrimination in violation of his Fourteenth Amendment rights. In this regard, he states that only Section 21(E) violators are subjected to the additional sanctions. *Id.* at 8. He maintains that inmates convicted of the other types of Section 21 violations (homosexual activity, verbal sexual offenses, etc.) are not forced to wear the jumpsuit or be housed on a special tier. Doc. 1, p. 2. Perry also claims that while wearing the jumpsuit for thirty days, he was prevented from enrolling in education/rehabilitation programs that would allow him to become eligible for early release.[1] Doc. 8, att. 1, p. 5.

As relief for the above, Perry asks this court to either terminate the jumpsuit and special tier program at ACC or to issue a restraining order stopping same. Doc. 1, p. 3.

## II.
### LAW AND ANALYSIS

### A. *Frivolity Review*

Perry has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Doc. 11. Under 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii), a district court is directed to dismiss an action if the court determines that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

---

[1] Perry alleges that the sixty days on the restricted tier prevented him from being transferred or considered for a work-release program or trustee status. Doc. 8, att. 1, p. 5.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). In determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley*, 157 F.3d at 1025 (failure to state a claim).

### B.  Equal Protection/Discrimination

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Perry has not demonstrated the violation of a right guaranteed by the Constitution or laws of the United States. He states that the defendants discriminated against him because he was convicted of masturbation in violation of a disciplinary rule. Such claims arise, if at all, under the Equal Protection Clause of the Fourteenth Amendment.

The Equal Protection Clause directs that persons similarly situated should be treated alike. *Plyler v. Doe*, 457 U.S. 202, 216 (1982). However, "the Constitution does not require [that] things which are different in fact or opinion . . . be treated in law as though they are the same," and disparate treatment at law based on a non-suspect classification will be upheld if there is a rational basis for the distinction. *Id.* (internal quotations and alterations omitted).  Type of offense is not a suspect classification. For instance, disparities within sentencing guidelines for substantially similar offenses are analyzed under rational basis review. *E.g.*, *United States v. Galloway*, 951

F.2d 64, 66 (5th Cir. 1992) (comparing sentencing guidelines for those convicted of dealing crack cocaine compared to those who dealt powdered cocaine).

Rational basis review also "begins with a strong presumption of constitutional validity," burdening the plaintiff and not the government to show that there is no rational basis for a classification. *Malagon de Fuentes v. Gonzales*, 462 F.3d 498, 504 (5th Cir. 2006). Thus, classifications will be upheld "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Madriz-Alvarado v. Ashcroft*, 383 F.3d 321, 332 (quoting *FCC v. Beach Commc'ns*, 508 U.S. 307, 307 (1993)).

Within prisons, equal protection challenges are balanced against other concerns. Constitutional challenges raised by prisoners must be viewed in a way that gives prison officials the necessary discretion to operate their facilities in a safe and secure manner. *Turner v. Safley*, 482 U.S. 78, 89 (1987). Prisoners do not retain constitutional rights that are inconsistent with the legitimate objectives of the correction system. *Smith v. Bingham*, 914 F.2d 740, 742 (5th Cir. 1990).Thus, even disparate treatment which is nonetheless rationally related to legitimate penological interests may survive in the face of a Fourteenth Amendment Equal Protection challenge. *Heller v. Doe*, 509 U.S. 312, 319–20 (1993).

We find that prisoners who have committed Rule 21 sexual offenses are similarly situated to other prisoners committed of sexual offenses under the same rule, just as dealers of powder cocaine are similarly situated to dealers of crack cocaine. The alleged additional punishments of special tier confinement and being made to wear a special jumpsuit amount to disparate treatment for prisoners who commit Rule 21(E) violations if those punishments are not also applied to other Rule 21 offenders. Accordingly, we find that the plaintiff has provided adequate grounds for invoking rational basis review; however, he has not met his burden, especially in light of the

deference given to prison administrators, of establishing that there was no rational basis for additional penalties to 21(E) offenders.

We find it credible that the defendants could have a rational basis for punishing some sexual offenses more harshly than others, especially in light of prison security concerns or other penological interests. Accepting all of the plaintiff's allegations as true, then, we find that he has still failed to state a claim upon which relief may be granted and that his complaint has no basis in law. Therefore the complaint should be dismissed.

### III.
#### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that Perry's civil rights complaint be **DISMISSED WITH PREJUDICE** as his claims against defendants GEO, Wayne Calabrese, Terry Terrell, Keith Cooley, Mark Estes, and James LeBlanc are frivolous and fail to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

**conclusions accepted by the District Court, except upon grounds of plain error.** *Douglass v.*

*United Services Automobile Ass'n***, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 30th day of September, 2015.

_____

KATHLEEN KAY

UNITED STATES MAGISTRATE JUDGE